### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CRIMINAL NUMBER 25-148-1** |
| | : | |
| **GONZALO HERNANDEZ-ROQUE** | : | |

### DEFENDANT'S SENTENCING MEMORANDUM

Gonzalo Hernandez-Roque submits this brief sentencing memorandum for the Court's consideration. By June 17, 2025, Mr. Hernandez-Roque will have been in custody almost three months. The recommended sentencing guideline range in this case is zero to six months. The defense respectfully submits that an analysis of the 18 U.S.C. § 3553(a) factors and *United States v. Booker*, 543 U.S. 220 (2005) warrant a sentence of time served.

**I.    Mr. Hernandez-Roque's Personal History and Background**

Mr. Hernandez-Roque was born in rural Guatemala in the late 1990s. He is one of six children born to his parents. His mother passed away two years ago, and his father remains in their hometown of San Juan Hermita. The family lived modestly and like many young men, Mr. Hernandez-Roque left school in the sixth grade to work in the fields to help support his family. At the young age of 23 years old, Mr. Hernandez-Roque came to the United States seeking more lucrative work. Like many undocumented individuals, he worked under the table. At the time of his arrest, he was making approximately $1300 per week at a pizza restaurant. He sent money home to his family in Guatemala and also supported his daughter and her mother.

## II. <u>The Sentencing Guideline Range</u>

Under U.S.S.G. § 2L1.2, the base offense level is 8. Because Mr. Hernandez-Roque accepted responsibly in this case and pleaded guilty, he is entitled to a two-level reduction under U.S.S.G. § 3E1.1(a). Because he is a zero-point offender, he receives an additional two-level reduction under U.S.S.G. § 4C1.1. With a criminal history category of I, the advisory guideline range is zero to six months.

## III. <u>Application of the 18 U.S.C. § 3553(a) Factors</u>

By the date of sentencing, Mr. Hernandez-Roque has been in custody nearly three months. A sentence of time served is already squarely within the middle of the advisory guideline range, making it presumptively reasonable. Furthermore, a sentence of time-served squarely meets the statutory objectives of 18 U.S.C. § 3553(a) and is within the confines of the plea agreement between the government and defense.

The defense recognizes that any violation of federal law is a serious offense. But unlike many other offenses, the crime of illegal reentry is often deeply intertwined with complicated socioeconomic and political issues. Mr. Hernandez-Roque fully understands that future attempts to reenter the United States without permission will subject him to further incarceration. A conviction for a future violation of 8 U.S.C. § 1326 will result in a much greater guideline range, which is a risk Mr. Hernandez-Roque is not willing to take.[1] The defense respectfully submits that reality of future incarceration serves a greater deterrence than additional months in

---

[1] Under U.S.S.G. § 2L1.2, in a future prosecution for violating 8 U.S.C. § 1326, Mr. Hernandez-Roque will receive a four-level upward adjustment due to his conviction in this case, making his offense level 12. U.S.S.G. § 2L1.2(b)(1)(A). With a criminal history category of II, the guideline range for a future prosecution would be 12 to 18 months.

prison on the current sentence. And while it may be difficult to find work in Guatemala, or to see his girlfriend and daughter, Mr. Hernandez-Roque understands that the risk of incarceration is not enough to overcome these obstacles.

This Court must decide whether any 18 U.S.C. § 3553(a) factors will be met by sentencing Mr. Hernandez-Roque to additional time – at a cost of over $3000 per month. PSR ¶ 55. The defense submits that subjecting him to further incarceration will not deter him more than the last three months have; and it will not serve to protect the public from future crimes as he will be deported upon completion of his sentence. Furthermore, there are no medical or educational considerations for this Court when fashioning an appropriate sentence. Any sentence above time-served will not provide enough time for the Bureau of Prisons to designate and transfer Mr. Hernandez-Roque to a facility to receive any such training or education.[2]

### IV. Conclusion

Mr. Hernandez-Roque is a humble man who has spent his life working hard and supporting his family. He apologizes to this Court and the United States government for returning to the United States without permission. He understands and accepts that he must comply with any determination made by the Bureau of Immigration and Customs Enforcement

---

[2] In addition to timing consideration, it is highly unlikely that Mr. Hernandez-Roque would be afforded vocational or educational opportunities due to his status as a deportable alien. The presence of an immigration detainer will limit access to programs available to similarly situated United States citizens, including literary and English as a Second Language programs, as similarly situated United States citizens. 28 C.F.R. § 544.51(b) ("Generally, inmates under orders of deportation, exclusion, or removal may participate in an institution's occupational education program if Bureau resources permit after meeting the needs of other eligible inmates"); 28 C.F.R. § 544.41(a)(3). In essence, Mr. Hernandez-Roque will only be permitted to participate in educational and occupational programs after all eligible United States citizen inmates are enrolled.

regarding his future. For all the reasons cited herein, as well as any which become apparent to the Court at the sentencing hearing, Mr. Hernandez-Roque respectfully requests this Court impose a sentence of time-served.

                                  Respectfully submitted,

                                  */s/ Nancy MacEoin*
                                  NANCY MacEOIN
                                  Assistant Federal Defender
                                  Chief, Trial Unit

## CERTIFICATE OF SERVICE

I, Nancy MacEoin, Assistant Federal Defender, Chief, Trial Unit, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I filed the attached Defendant's Sentencing Memorandum, via the Court's Electronic Filing (ECF) system, which sent notification to Robert W. Schopf, Assistant United States Attorney, office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106, via his email address Robert.Schopf@usdoj.gov.

                                               */s/ Nancy MacEoin*
                                               NANCY MacEOIN
                                               Assistant Federal Defender
                                               Chief, Trial Unit

DATE:  June 11, 2025